# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3105

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ramon T. Morales, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: June 7, 2005
Filed: June 9, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Ramon Morales appeals the sentence the district court imposed after he pleaded guilty to firearms charges. We reverse.

Morales pleaded guilty to being a felon in possession of a firearm and to possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1), (k), and 2. Morales disputed the recommended imposition of two sentencing enhancements: a 2-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because Morales had possessed three firearms, and a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) because Morales had possessed the firearms in connection

with another felony offense. He argued that neither enhancement could be imposed absent a finding by a jury, relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), and also argued that the 4-level enhancement was not supported by the evidence. The district court overruled Morales's objections, finding that Morales had admitted at his change-of-plea hearing that he possessed the third firearm, and finding that Morales had possessed the firearms in connection with another felony offense. The court sentenced Morales to 84 months in prison on the felon-in-possession charge, to a concurrent 60 months in prison (the statutory maximum) on the serial-number-obliteration charge, and to concurrent 2-year terms of supervised release. On appeal, Morales reiterates his Blakely argument.

Morales's Blakely argument in the district court preserved the argument that the enhancements violated his constitutional rights as enunciated in United States v. Booker, 125 S. Ct. 738, 756 (2005) ("[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (arguing Blakely error in district court preserves argument that Booker error occurred). Because it is undisputed that Morales did not admit to using the firearms in connection with another felony offense, the basis of the 4-level enhancement, we vacate his sentence and remand for resentencing in accordance with Booker. See United States v. Adams, 401 F.3d 886, 900 (8th Cir. 2005) (reversing and remanding where defendant preserved Sixth Amendment issue for review). We need not otherwise address the propriety of the district court's Guidelines calculations at this time. See United States v. Huber, 404 F.3d 1047, 1063 (8th Cir. 2005) (because on remand district court will "be operating under a new sentencing regime," declining to address arguments regarding improper Guidelines calculations; consideration of objections to district court's original Guidelines calculations would be premature).

_____